SCHOTT, Judge
(concurring in the result).
Plaintiff’s suit for a refund of his $1250 purchase price for a debenture note issued by defendant in connection with his becoming a member of defendant is based upon the following: When he joined the club he understood that there would be no more than 500 members in the club. When the club subsequently increased the number of members his percentage of ownership in the club was diluted. Furthermore, while defendant did not require new members to purchase bonds similar to the one plaintiff purchased, the new members got the same benefits as did plaintiff, enabling the new members unjustly to enrich themselves at the expense of plaintiff. Finally, the failure of the club to require that the new members at least purchase outstanding debentures from old members had the effect of destroying the marketability of plaintiff’s debenture.
Plaintiff’s position is without merit because of the very wording of the charter of the club whose debenture he voluntarily purchased in connection with his application for membership.
The charter, adopted on March 26, 1959, provided that “the total number of members shall be set forth in the by-laws of this corporation.” It contained no provision establishing as a condition of membership that a debenture must be purchased. On August 11, 1959, at a general meeting of defendant corporation it was agreed that membership would be limited to 500 families, a $1250 bond would be offered to the members and the first 300 members would not be required to pay an initiation fee while the remaining 200 members would be required to pay an initiation fee of $250. Against this backdrop plaintiff applied for membership, and on April 7, 1960, defendant addressed to plaintiff a letter advising him that his application for membership had been approved and informing him:
“As you know, the club has a limited membership of 500 and there is a monetary advantage of being one of the first 300 members. We want to thank you for volunteering to purchase a bond from the club. Please forward your check in the amount of $1260, made payable ,to ‘Vista Shores Club’ to cover the bond in the amount of $1250 and semi-annual dues in the amount of $10. .
“It would be a pleasure to count you among our members.”
In due course plaintiff put up his $1250 and the debenture note was issued to him on April 15.
Plaintiff in his testimony acknowledged that he was not compelled to purchase the debenture note except insofar as he desired to be a member and he understood that he could not become a member unless he purchased the note. But by voluntarily becoming a member he subjected himself to the consequences of the charter and then existing by-laws. Since nothing therein required defendant to exact from future members the purchase of debentures plaintiff assumed whatever risk was involved to the value or marketability of his debenture should future members not be required to purchase debentures.
Furthermore, he assumed the risk of legal changes in membership requirements which might come about within the framework of the charter. The first formal bylaws limited the number of members to 500, exempted the first 300 members from an initiation fee and set a membership fee for others at $250. But on July 1, 1963, the members legally changed the membership clause of the by-laws to raise the number from 500 to 600. Thus, plaintiff by being among the first 300 members was exempt from the payment of an initiation fee, while those who came afterward were required to pay this fee.
There was no such connexity between his application for membership and pur *911 chase of the bond which now entitles him to demand that his bond he prepaid because he has decided to resign his membership. Each of the documents, that is, the articles of incorporation and the by-laws of the club on the one hand, and the debenture note on the other hand, are separate and distinct contracts, and while he may have been motivated in part to purchase the debenture note by the provisions of the bylaws in existence at that time he was charged with the knowledge that there might be changes in the by-laws after he became a member.